BOGUE *v.* DE LONG.

1. HIGHWAYS — PROCEEDINGS TO ESTABLISH — REVIEW BY TOWN-
    SHIP BOARD—VIEW.
    Where an appeal is taken to the township board in proceedings
    to establish a highway (Act No. 195, Pub. Acts 1905), it is not
    necessary to a valid determination thereof that the township
    board shall view the premises.

2. SAME—DISQUALIFICATION OF COMMISSIONER.
    Whether the highway commissioner before whom proceedings
    to lay out a highway were brought was disqualified is imma-
    terial where an appeal was taken to a township board which
    was qualified, and his decision affirmed.

3 SAME—TOWNSHIP BOARD.
    A township board is not disqualified to decide an appeal from
    the decision of the highway commissioner in highway pro-
    ceedings, by reason of the fact that two of the members of the
    board have previously participated in deciding the appeals of
    others relating to the same road; it being proper for the board,
    in a case where there are several appeals, to determine once
    for all, as the commissioner does, the necessity of the road.

4. SAME—APPEALS—HEARING—PREJUDICE.
    Where the appeals of several from the decision of a highway
    commissioner came on to be heard by the township board at
    the same time, and the board proceeded to hear them sep-
    arately, and each appellant was represented by the same at-
    torney, it will be assumed that the action of the board in
    hearing the appeals separately was assented to by all the par-
    ties, and that none of them was prejudiced thereby.

5. SAME—DISQUALIFICATION OF MEMBER OF TOWNSHIP BOARD.
    A member of the township board is not disqualified from par-
    ticipating in the determination of an appeal from a highway
    commissioner in highway proceedings by reason of the facts
    that his wife was a sister of the deceased wife of a freeholder
    who signed the petition and is the chief promoter of the pro-
    ceedings, that his wife signed a former application to open a
    highway at the same place, and that as a member of the
    board he voted for a resolution authorizing the expenditure
    of money for the highway.

Error to Cass; North, J., presiding. Submitted November 15, 1906. (Docket No. 173.) Decided January 4, 1907.

Certiorari by Stephen A. Bogue against Harmon De Long, highway commissioner, and the township board of Penn township, to review proceedings for establishing a highway. There was judgment for defendants, and plaintiff brings error. Affirmed.

*Marshall L. Howell*, for appellant.

*Harsen D. Smith*, for appellees.

CARPENTER, J. Plaintiff, across whose land the township highway commissioner determined that a highway should be laid, appealed from said determination to the township board. Said board sustained the action of the commissioner. The decision of the township board was sustained by the circuit court, who reviewed the proceedings on a writ of certiorari procured by plaintiff. Plaintiff now seeks relief by writ of error in this court. He complains, *first*, that the township board did not, in determining the appeal from the commissioners, view the premises described in the application for the highway; and, *second*, that both the highway commissioner and township board were disqualified. We will consider these questions separately.

1. Was it necessary for the township board to view the premises? The law regulating the procedure before the township board is found in Act No. 195 of the Public Acts of 1905, and reads:

"The township board shall proceed at the time and place specified in the notice to hear the proof and allegations of the parties, and may examine persons on oath in respect to the matter of such appeal."

Here is no requirement that the board shall view the premises. While a view may sometimes be helpful and desirable, a failure to make it is not error, especially in a

case like this, where the party complaining did not ask it.

2. We now come to the complaint of plaintiff that the highway commissioner and township board were disqualified. We need not consider his complaint respecting the disqualification of the highway commissioner, for we reach the conclusion, as hereafter stated, that the township board was qualified. Plaintiff's rights having finally been determined by a qualified tribunal, it is of no consequence that they were once determined by a disqualified tribunal.

Plaintiff claims that the township board is disqualified because two of its members had, just before hearing his appeal, participated in determining appeals of others who complained of the determination of the commissioner. It is argued that this participation disqualified said two members because they had already determined the question of necessity. This argument is based upon the assumption that when several property owners appeal from the action of the highway commissioner in laying out a highway, each has a separate right to have determined the question of necessity. This assumption is erroneous. The township board in such a case may, as the highway commissioner does, determine once for all that question. Otherwise the scheme to establish a highway might be blocked after the public, in reliance upon a determination of necessity, had expended large sums of money. See, in this connection, *Detroit, etc., R. Co.* v. *Campbell,* 140 Mich. 384. It is true in this case the township board did in form hear the appeals separately and determine the question of necessity, but of this plaintiff cannot complain. He and three others appealed from the determination to the township board. These appeals came on to be heard at the same time. Each appellant was represented by the same attorney. It must be assumed that the action of the board in hearing the appeals separately was assented to by all the parties, and that none of them was prejudiced thereby.

Plaintiff also contends that one George J. Townsend, a member of said township board, was disqualified for three reasons:

1. His wife was a sister of the deceased wife of " Lot Bonine, one of the freeholders who signed the application for said highway in said matter of appeal, and who is also the principal promoter and instigator in attempting to have said highway laid out."

2. His wife had signed a former application for the opening of this highway (it appears there had been several prior attempts to open it).

3. As a member of the township board, Townsend had voted for a resolution authorizing the highway commissioner to expend not to exceed $1,000 in opening the highway.

These facts do not prove Townsend's disqualification. The most that can be said is that they furnish evidence either of partiality, of interest, or that he had prejudged the case. It is a complete answer to say that the return, which we must take as true, states that he "was never interested in having the highway laid out, * * * that he entered upon the consideration and hearing of said appeals without prejudice or partiality and was entirely unbiased, and that he had not made up his mind before the said hearing."

The order of the circuit court is affirmed.

Montgomery, Ostrander, Hooker, and Moore, JJ., concurred.